IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RITA HADDAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | **Jury Demanded** |
| 21ST MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Rita Haddad, in support of her Complaint against Defendant, 21st Mortgage Corporation, aver as follows:

Jurisdiction and Venue

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. § 12101, et seq.

2. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims arising under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-20-401, et seq., the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, and Tennessee common law.

3. Plaintiff files this action within ninety days of receiving notice of a right-to-sue from the Equal Employment Opportunity Commission, Charge No. 494-2014-00046.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because the parties reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## Facts

5. Plaintiff was employed by Defendant for approximately five years until her termination on May 1, 2013.

6. Defendant is an employer within the meaning of the ADAAA, THRA, and TDA.

7. Plaintiff suffers from and has been diagnosed with multiple sclerosis ("MS"), a physical and mental impairment that substantially limits Plaintiff in a number of major life activities.

8. Plaintiff requested accommodations for her disability at various times throughout her employment; Defendant refused all such requests and failed to engage even in the interactive process required by the ADAAA.

9. Despite Defendant's failure to provide a reasonable accommodation, Plaintiff consistently met and exceeded Defendant's objective performance expectations.

10. On May 1, 2013, a short time after her last request for accommodation, Defendant fired Plaintiff, allegedly for leaving early without permission.

## Count I
### Defendant Discharged Plaintiff because of Her Disability

11. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–10 as if set forth fully herein.

12. Plaintiff suffers from a "disability" within the meaning of the ADAAA, THRA, and TDA.

13. Defendant knew of Plaintiff's disability and treated Plaintiff less favorably than similarly situated employees without disabilities.

14. Plaintiff was qualified for the position she held with Defendant.

15. Defendant discharged Plaintiff because of her disability in violation of the ADAAA, THRA, and TDA.

16. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

17. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

18. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of the ADAAA, THRA, and TDA.

Count II
<u>Defendant's Failure to Provide Reasonable Accommodation</u>

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–18 as if set forth fully herein.

20. Plaintiff requested an accommodation for her disability.

21. Defendant was aware of Plaintiff's disability at the time of her requests for accommodation.

22. Defendant failed to provide Plaintiff with a reasonable accommodation as required by the ADAAA.

23. As a direct and proximate result of Defendant's failure to provide reasonable accommodation, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

24. As a direct and proximate result of Defendant's failure to provide reasonable accommodation, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

25. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of the ADAAA.

## Count III
## Defendant's Retaliatory Discharge for Requesting Accommodation

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–25 as if set forth fully herein.

27. By requesting an accommodation for her disability, Plaintiff exercised rights secured by the ADAAA.

28. Defendant failed to provide any accommodation, failed to engage in the interactive process, and discharged Plaintiff because of her disability.

30. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

31. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

32. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of the ADAAA.

## Punitive Damages

33. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–32 as if set forth fully herein.

34. Defendant acted with malice or reckless indifference to the protected rights of Plaintiff, entitling Plaintiff to punitive damages.

## Prayer for Relief

WHEREFORE, Plaintiff, Rita Haddad, respectfully prays for relief as follows:

1. That process issue and that Defendant be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits

and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest; compensatory damages for emotional distress, and punitive damages for Defendant's intentional indifference to Plaintiff's protected rights;

    3. That Plaintiff be awarded any actual monetary loss sustained by Plaintiff, and prejudgment interest;

    4. That Plaintiff be awarded reasonable attorneys' fees and costs;

    5. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

    6. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

/s/Richard E. Collins
Richard Everett Collins (TN Bar # 24368)

Collins & Doolan, PLLC
Cable Piano Building
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 247-0434
richard@collinsdoolan.com
www.collinsdoolan.com